Good morning, your honors. Jonathan Kirschbaum, Office of the Federal Defender for Petitioner Appellant Lusteveon Johnson. I'd like to reserve two minutes for rebuttal. Three grounds in the petition were technically exhausted because they had been procedurally defaulted in state court. The Supreme Court has repeatedly stated that where a petitioner fails to comply with a state procedural requirement, the claims are procedurally defaulted. Here, the late notice of appeal was a classic procedural default, just as it was in Coleman, and just as in that case, due to the procedural default, the claims are technically exhausted. The district court's conclusion that there were available remedies here was improper. It conflated different types of procedural defaults. The Nevada Supreme Court has made abundantly clear that this particular type of procedural default is inexcusable, and they stated so in this case. You're implying the late appeal. I'm sorry, the late notice of appeal. But the question, as I understand it, well, there are two questions. I mean, one is the way Judge Mahan sets the case up and the way the State sets the case up is there's a predecessor about fair presentation based on Castile and so on. Is that right? Or is that a very or is this, as in Coleman, just a procedural default case? It's not correct. If we were coming in here saying that we had properly exhausted the claim on the merits, then that would be the type of analysis that would be appropriate there. What's really going on here is that there was this late notice of appeal. It represented procedural default. The exact same one as in Coleman. And I think that the timing of it, so it was four years, it was unusually late. We acknowledge that. Would it have made a bit of difference if you never actually filed that appeal, wouldn't you be in the same place? No, we would be in the same place. The only difference is that you have a statement of default. Yes, we have a clear statement of default from Nevada Supreme Court. Not only did Nevada Supreme Court state that this was the type of default that was inexcusable, they also rejected our good cause argument. So there's really no future, even under the district court's analysis, there's no future for these claims to the state court. But even beyond that. But they didn't address your good cause argument. I'm sorry? Nevada Supreme Court did not address your good cause argument. Well, we did present a good cause argument. They just said we can't consider it because it's a notice of appeal and it's jurisdictional. That's it. End of story. And we agree with that. And what our position is. But you rule on the merits of the good cause. Well, in the first instance, cause itself is a federal question. We don't need to get a state court to rule on our good cause arguments in order to. . . Could you go back to state court right now and file a successive habeas petition? Well, technically we could, but it's going to inevitably. . . How could you? Well, any petitioner in Nevada can file a successive petition. And could you argue that there's good cause to entertain that habeas petition?  And just because. . . Well, isn't that an available remedy? No, it's not, Your Honor. Why not? Because Nevada Supreme Court has made abundantly clear that this particular type of procedural default is inexcusable. You cannot go back to state court in order to overcome this particular type of procedural default. And they made that abundantly clear in that case with Washington, which included in the 28J letter. This type of procedural default, Nevada law does not allow a petitioner to run an end run around these mandatory jurisdictional requirements by filing a successive petition. It's basically going in through the back door. And what the Nevada Supreme Court has made clear is that you mess up this part of our procedural requirement, you're done. That's it for these claims, and that's how every jurisdiction would look at it. And Nevada's no different. Nevada would not allow such an attack on their processes by saying that, oh, well, you missed this mandatory fundamental. So what you're saying is that if he were to file a successive petition in Nevada State District Court, they would just summarily deny it as you can't do this without entertaining his good cause argument. Even if they were to, well, I think that that's our position. We believe that's true. We could potentially put in a good cause argument. I could swear that's true. I'm sorry, Your Honor. Doesn't Nevada have a cause and prejudice requirement very much like federal requirement? Yes, they do. It's structured. And that has never been presented to the state courts. Yeah, that is true. However, there's nothing in Nevada law that says that this particular type of procedural default can be overcome in a successive petition. What you mean by this particular type is where you have raised the issue and then appealed it too late. You've raised it. Yes. Was it decided in the trial court? It was procedurally defaulted in the trial court. So if we look at the actual Nevada statutes. It was procedurally defaulted in both instances. Yes. And you're saying Nevada does not allow you in that instance to go back and file a second and successive petition, now raising the cause that you didn't raise the first time, but that existed the first time, presumably. That might be true. However, what we're saying is that it's true. These successive petitions are not to be used in order to overcome mandatory jurisdictional requirements that a petitioner fails to comply with originally. And we're not seeking here to try and get an advantage. Well, what good are they then? The whole point of cause and prejudice is to overcome default and procedural requirements. Isn't Nevada's cause and prejudice standard very much like the federal one? Well, I think they have totally different purposes. Aren't there two different cause and prejudice arguments anyway? One is with regard to procedural waivers, but this would be a second petition. It's different. There's several different procedural defaults at issue here. And even the language of the statute does not cover this type of procedural default. There's nothing in the language of 810, of 34-810, that says that when you have procedurally defaulted on the claim in your first petition, then you're allowed to show good cause and prejudice to come back. Instead, we have Washington v. State, which is a common law rule, which has made it abundantly clear, and they set it out very clearly, that once you have this jurisdictional problem in a prior petition, you can't then try and launder them again for a successive petition. This is weird, but Judge Mahan essentially, and I gather he does this repeatedly, I gather said to you, if you will agree that you can't go back, I'll let it go forward, but you didn't agree to that. Yeah, and we think that that stipulation is wrong and not consistent with 810 as well. Was he asking you to stipulate to there not being cause and prejudice or to stipulate that you couldn't go back in Nevada? No, I believe he was asking us to stipulate that we couldn't show cause and prejudice in state court, which essentially ‑‑ I say. But if he had asked you to stipulate that we don't have another remedy in state court, that you essentially did stipulate. Yeah, we would. We would stipulate to the extent that the claims are technically exhausted because there are no more available remedies. Or stipulate to the fact that there are no more available remedies. That's correct. But that's not exactly ‑‑ Yeah, but he's going further than that. He's saying that we have some sort of independent requirement to present these cause prejudice arguments to the state court in the first instance, and that's not true. Rather, it is the district court's obligation in the first instance. They have an independent obligation to determine whether or not there's a possibility of merits review. That's how available remedies are defined. And simply because we could potentially go into state court and say cause and prejudice doesn't make that an available remedy. Cause and prejudice in the federal system is there to protect the state court's process. It was created as a matter of comedy to say that you screwed up in state court. You missed that procedural default. Well, cause and prejudice, that's a barrier to you. So we're not seeking to get an advantage here. We're not saying that, oh, we're going to run into federal court and everything's going to be wonderful for our client. The underlying motivation here is this RAS barrier rule, which is saying to us that if you have a completely unexhausted petition, we're going to kick it out immediately. You have no choice here. And the consequences of that are severe, particularly in this situation. It means it's fatal to our client. And so if available remedies are interpreted too broadly, which they were here, we believe this was way broader than what available remedies were supposed to be, it means that exhaustion can be used as a shield, as a sword, to strike down a petitioner's habeas rights, as opposed to a shield to protect the state court process. Because if you, in fact, went back to exhaust, you would blow the limitations, period. Exactly. Is that essentially a problem? That's what's happened. With this dismissal, that means that the one-year time limit is done and the petition is over, is essentially what's going to happen here. Because whereas if RAS barrier were not the rule, you could have stated, you could have gone back and exhausted it. You say you would have been in the same place because they would have said you can't do this. Yeah. Well, at least, I mean, RAS barrier requires this mandatory immediate dismissal, which is different from what happens when there's an unexhausted petition. But the representation is that it would all come out the same anyway, because if you went back to and did try to exhaust to Nevada, nobody would listen to you anyhow. Yeah. We believe that it would be an inevitable default if we went back, and that's why these claims are technically exhausted. Thank you, Your Honor. Thank you. We'll hear from the State. May it please the Court. Good morning. I'm Jamie Rush on behalf of the Respondents. The district court took a dim view of Mr. Johnson's claims, and I believe that was the appropriate response. If he went back and did what you say he should have done, what would your position be? I'm sorry? If he went back to Nevada court and filed a second successive petition on a claim that he'd already raised and already defaulted, what was the State's position be? Well, that's what I'm asking that he do, is go back and take it. I'm asking him what your position would be if he did that. How would you respond to that? Well, of course he would say that it was untimely and successive. And that you can't do that in Nevada, right? Well, it's his responsibility, and he has the ability. I'm asking you what the State's position would be. Well, that would be the State's position, of course. Right. And you'd be right, wouldn't you? It depends if he can show cause and prejudice to overcome those procedural defaults. Does he get to show cause and prejudice where he's already defaulted? Absolutely. In the response to the 28-J letter, I said I think it was called the Eighth Judicial District Court case. Yes, he absolutely has the ability to make that showing, even if it's a successive petition, even if it's the same claims, which it isn't necessarily in this case because his federal claims are slightly different than his State court claims. But he can absolutely attempt to make that showing. I don't know that he would be successful, but that avenue exists. And to the extent he's arguing that he doesn't have remedy in State court. How can you do that? You can just keep going back, and there's not just a simple sort of race judicata thing. He's raised that issue, and he's been defaulted. Well, this ties into I don't think that it's appropriate to cite the Pinkston case as authority. But there is one thing that comes out of that case that's slightly helpful in this instance. And it's that in that case, the federal court was a little unwilling to say, well, look, we're not going to make you go back to State court repeatedly. In that case, at least the good cause arguments had been presented to the State court, and they'd been rejected. And in such a case, the federal court wasn't prepared to say, well, you have to go back and do it again. In this case, the good cause arguments of I was misled by a rogue inmate or I have mental illness, these were never presented in accompaniment with a State court post-conviction petition. So to ask that that be done for the first time, yes, I do think that that's required under EDPA there. The law is clear that under 2254C, if there's any available remedy in State court, he has to do it. And that's what the district court is talking about when it says, well, let's present those claims to the State court in the first instance. All right. Let's back up a minute. Are you in accord with Judge Mahan with regard to this notion that this he seemed to be saying this really isn't a procedural default case. It's a failure to make a fair presentation in exhaustion. Does the Castile case have anything to do with this case? Yes. Yes, I believe it does. And that was my position to the district court, that it isn't just a question of presentation when it comes to exhaustion. It's fair presentation. Now, it's regrettable that. But doesn't that just gobble up all of procedural default? No. No, it does not in this case. You at least have to give. I'm asking about this case. I'm asking you in general. I mean, I've never seen this before. Coleman, for example, treated this very parallel situation as a procedural default case. Every other case of that I'm aware of. And Castile was a special circumstance in which it – I mean, what they said was that this is – what you had here was the first and only time that this issue was raised was in a – to a court that didn't have any – or any necessary authority over it. But that's not what went on here. They did file it in the trial court originally. Of course. And, you know, I understand their argument that, well, we filed the notice of appeal. What else are we supposed to do? Well, it still has to be timely. And it's not just the skill. So that's what I'm asking you. So therefore, what you're saying is that when you have a non-timely – or if you have – so why doesn't that go to everything? Why doesn't it go to, for example, the fact that you didn't object in the trial court? Why doesn't that become an exhaustion problem instead of a default problem? Because in those instances where we're talking about these sort of traditional defaults, my lawyer didn't do something, it wasn't filed, it was excessive, there's at least an ability to show good cause and prejudice to overcome those kinds of defaults. There isn't any ability to do that when it's an untimely appeal. You simply deprive the Nevada Supreme Court of jurisdiction under a very commonplace rule, and they have no ability to go and reach you now. So you're saying whenever there's a hard and fast procedural rule in state court, that's an exhaustion problem, not a procedural default problem? I don't know that there are many parallels other than this very extreme rule that if notice of appeal isn't filed on time, it doesn't give the court jurisdiction to consider it. It can consider either the merits of the claim or the good cause argument. In fact, if it isn't a hard and fast rule, it may not be a procedural default. But, I mean, if the rule is you have to raise an objection or else we're not going to decide it on appeal, and that's the rule in California or in Nevada, that's the rule. Well, that's the rule, but under Edwards and O'Sullivan, it's the same. That's not the rule. There's plenty of it, too. So that's not the full rule as to raise objections. It's more complicated. Okay. Well, slightly more complicated, but nonetheless. It makes a difference because just not raising an objection doesn't bother you. You can still raise it. You can still make a plain error argument, which is different from notice of appeal, which is poof. Okay. Well, those are arguably direct appeal issues, and we're in a post-conviction trying to explain that the fair presentation under O'Sullivan and under Edwards is that you have to give the state court a chance under a procedure where they can actually consider the claim. And at least under the procedural defaults, the untimeliness or successive petitions, there's an ability for them to ask the Supreme Court to say, okay, you didn't meet our procedural guidelines. Do you have a case in which this theory was applied to a timeliness problem? Unfortunately, and this is where there's a little bit of a gap in this case, we do not. There isn't a clear and fast Supreme Court case that helps us. I mean, usually it's advantageous. I mean, usually you'd be arguing the opposite, because usually it's advantageous to the petitioner to have it treated as an exhaustion problem instead of a default problem. Well, of course. And it may still be. Now, what we do know from Coleman is that this, what we're seeing here, can constitute obviously a procedural default. I merely suggest that it also can constitute a lack of fair presentation. But you have no case. Well, I have O'Sullivan and Edwards and all the other fair presentation cases. In which the timing, something other than going to the wrong court altogether. There are a series of district court cases that have arrived at this conclusion. Okay, but there's no Ninth Circuit or Supreme Court case. Not that I'm aware of. Or other court of appeal cases. Well, we have the ability to reach the issue here, unfortunately. Yeah, if there was a Supreme Court case that said, look, you know, an untimely notice of appeal isn't fair presentation, well, great. I'd love to have such a thing. But, no, I'm not aware of any such authorities that stand here. The thing about Coleman, though, is that reading the case, it doesn't appear to turn on the fact of whether or not a notice of appeal is fair presentation. It turns on the fact that there was a lack of available state court remedies. And I made a note in the EOR 713 that Mr. Johnson appears to recognize that, at least in his briefing to the district court. That the magic that makes Coleman go is not that the Supreme Court was holding that we filed a notice of appeal that was exhaustion. It was that there's nothing for you to do in state court. And the district court reached that discussion, not in terms of Coleman, but in terms of Naples. And I think the analysis is the same, that those cases turn on a lack of state court remedies, which is not what we have here. But, you know, suppose he were to go back to state court. Okay. File a successive petition and raise cause and prejudice. The grounds that I understand he's raising now for cause and prejudice are the rogue. The rogue inmate. The rogue inmate and his mental incompetence. That's right. Is that correct? Yes. Are there any Nevada Supreme Court cases that have entertained those kinds of arguments and granted relief? You know, that I'm not aware of as I stand here. I believe they have entertained claims of, well, I was misled by my appointed attorney as cause and prejudice. So I suppose the avenue is there. They might be novel to some extent. Is the reason why he has to – suppose there was another possible cause and prejudice. Would he have to go back a third time? Yes. Again, under 2254C, if there's any available remedy, and in Nevada there is that you can present these cause and prejudice arguments, yes, I feel that those do have to be presented to the state. Any possible cause and prejudice, you have to keep going back. Well, if we're going to keep moving the goalposts by coming up with new cause and prejudice arguments, then yes. But is that because, I mean, is that connected to the fact that he's trying to raise that cause and prejudice in this court? Suppose he wasn't trying to raise that cause and prejudice. Suppose he had a different cause and prejudice in this court. Suppose he had a lawyer and he wants to prove ineffective assistance here, but maybe if he goes to Nevada, he could get a cause and prejudice on male health issues. Well, again, I believe those – Do they link together? Well, not if they arise out of different facts. No, I wouldn't think that they would be. He wouldn't have to go back to Nevada unless you were trying to raise that cause and prejudice here. Well, if it's a new basis for cause and prejudice and there's any available remedy in state court, which there would be if you have a new cause and prejudice argument. So essentially you're asking him to exhaust a cause and prejudice claim before he raises it here. That's what 2254C requires. No, it doesn't say that. It doesn't say that you have to – Cause and prejudice as such has never had to be exhausted. Well, not in the sense that we require it to be exhausted in that way, but, again, the statute says we can't deem the claim exhausted unless he has – All right. So I'm saying that on your theory, then, even if he wasn't trying to raise that cause and prejudice here, he'd still have to go back to Nevada and keep raising any cause and prejudice you can think of. Well, I would hope that he would raise them all at once versus piecemeal. But you are saying he – but that's the point. He did exhaust once, but you're saying he has to keep doing it. But if there's any available remedy in state court, including an unpresented basis for cause and prejudice, then, yes, I think the state court should be given the opportunity to fix its own errors. That's the entire purpose of AEDPA, is to channel these petitioners to state court so that we can get a finding out. But steel versus people says, for example, that it's not necessary for a petitioner to ask the state for collateral relief based upon the same evidence and issues already decided by a direct review. And it says, otherwise, you'd basically be going around in circles. So the notion – the question – if you've already raised something in direct review, right, and whatever's happened to it, it's been perceived to be at fault, or whatever's happened to it, do you have to now raise it again on collateral? Well, this is back to the issue in Pinkston. No, I don't think you have to serially present the same claims, but where a good cause and prejudice argument has not been presented, the avenue exists. But you are asking him to serially present the same substantive claims. But he hasn't presented these claims, the robe inmate claims. He hasn't presented these claims. He hasn't presented the excuse for not presenting them. And there is a possibility the state court would find that excuse to be sufficient. But the claims, the merits claims, have been presented. I don't agree with that, either, for the simple reason that the facts are different in the petition that's presented in federal court than is presented in state court. That's a different issue. That's not the one we've been discussing here. Okay. To the extent he's presented a petition in state court, yes, he's done that. But he has not presented these good cause arguments, and I believe that he needs to in state court. Thank you. All right. Thank you. Just one quick comment. The 2254C has not been interpreted as broadly as the state says. The Supreme Court has specifically stated that it's not about every single remedy that's in existence. It's been limited to the availability of a merits review, the possibility of getting a merits review. And the Nevada Supreme Court, as the state has acknowledged, has never allowed either a way to overcome this type of default or the type of cause I've presented here to allow a petition to come over the default. You do get to the merits, don't you? That we're not quite sure about in this particular situation, because there's no — What is the point of if you have a — if you present a cause and prejudice argument and accept it, what do you say? Okay, we accept cause and prejudice, and now we're going to stop? Obviously, it's a way to get to the merits, right? That is true, Your Honor. However, there's nothing in Nevada law that says that there is a type of cause or prejudice that can be used to come over this type of default, and the state hasn't cited to any — That's not a new argument. That's not something you say in addition to it. I'm sorry. That's exactly what you've been saying all along. I thought you came back and you said, well, I've got this other point, you know. It has to be something on the merits, and this is not on the merits, and therefore it doesn't count. Well, I'm responding to the state's suggestion. The 2254C is interpreted as broadly as they are suggesting. It hasn't been. And I haven't said that before because it's in Harris v. Reed where the Supreme Court limited 2254C because they said that it doesn't just mean availability, doesn't just mean in the way that the state is arguing here, that you can go back to state court to submit cause and prejudice. There's no Supreme Court decision out there that says that cause argument needs to be presented to the state court first and that an available remedy is not one that's used to present a cause argument to state court. But the other difference, I mean, ordinarily a second and successive petition, it would be second because you've already done one, but it's not about the same thing. It's about something else. Well, I think Nevada law does allow you to raise the same claim again, but that's only when there's been a prior merits determination. There's nothing in the statute that says when you've received a prior procedural default ruling that you can now overcome that in a successive petition. Okay. Thank you. Thank you. Please restate your stance.
judges: Kozinski, Paez, Berzon